UNITED STATES DISTRICT COURT
*for the*
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCTAVIAN NEAMT,                                    Case No: 25   CV

        Plaintiff,                               Hon.

v.

KAITLIN WHITTAKER,
SAMUEL WHITTAKER
and THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

        Defendants.
_____/

**Marc J. Mendelson P-52798**
**Matthew R. Bates P-72004**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 281-9143; Fax (248) 621-2879
matt.bates@855mikewins.com;
leslie.kiesznowski@855mikewins.com (Leslie)
_____/

## COMPLAINT

     Plaintiff, Octavian Neamt, by and through his attorneys, Mike Morse Law Firm,

and for his Complaint against the above named Defendants, Kaitlin Whittaker, Samuel

Whittaker and The Travelers Indemnity Company of Connecticut, states as follows:

## THE PARTIES

1.      Plaintiff, Octavian Neamt, is a resident of the City of Tampa, County of Hillsborough, State of Florida.

2.      Defendant, Kaitlin Whittaker, upon information and belief, is a resident of the City of Watervliet, County of Berrien, State of Michigan.

3.      Defendant, Samuel Whittaker, upon information and belief, is a resident of the City of Watervliet, County of Berrien, State of Michigan.

4.      Defendant, The Travelers Indemnity Company of Connecticut, is an insurance company with its offices and principal place of business in the State of Connecticut, doing business pursuant to the laws of the State of Michigan, and conducting business throughout the State of Michigan.

## JURISDICTION AND VENUE

5.      Jurisdiction is vested in this Court by the diversity of citizenship of the parties and 28 U.S.C. §1332.

6.      The underlying motor vehicle collision from which the above captioned Complaint arises, as more fully described below, occurred in the Township of Overisel, County of Allegan, State of Michigan, within the Western District of Michigan.

7.      This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

8.      The amount in controversy exceeds $75,000.00, exclusive of interest and

costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT,
## KAITLIN WHITTAKER

9.    Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 8 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

10.    On or about September 25, 2024, Plaintiff, Octavian Neamt, was the operator of a 2021 Ford F-150 motor vehicle, bearing Missouri license plate number MAS001, which motor vehicle was being driven in a careful and prudent manner on westbound 140th Avenue, at or near the intersection of 45th Street, in the Township of Overisel, County of Allegan, State of Michigan.

11.    At the aforementioned place and time, Defendant, Kaitlin Whittaker, was the operator of a 2017 GMC Acadia motor vehicle, bearing Michigan license plate number B23NG, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on northbound 45th Street, at or near the intersection of 140th Avenue, in the Township of Overisel, County of Allegan, State of Michigan when said Defendant failed to observe a stop sign and failed to yield to Plaintiff's vehicle, violently striking Plaintiff's vehicle and causing serious and permanent injuries to Plaintiff, Octavian Neamt, as hereinafter alleged.

12.    On the aforementioned day and date, Defendant, Kaitlin Whittaker, owed

a duty to operate her vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the Township of Overisel.

13.    Contrary to the duties owed to Plaintiff, Defendant, Kaitlin Whittaker, was negligent, careless and reckless in several respects, including the following:

(a)    Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b)    Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c)    Failing to keep the motor vehicle constantly under control;

(d)    Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)    Failing to attempt to stop the vehicle when Defendant knew or should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f)    Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

(g)    Failing to yield to all approaching vehicles, MCL 257.649;

(h)    Failing to exercise reasonable and ordinary care to keep a sharp lookout so as to avoid striking Plaintiff's vehicle;

4

(i)     Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j)     Failing to make timely use of the braking system with which said vehicle is equipped;

(k)     Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l)     Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(n)     Failing to stop for a stop sign in violation of MCL 257.671, MCL 257.649;

(o)     Failing to obey a traffic control device in violation of MCL 257.611; and,

(p)     Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

14.    That as a result of said collision, Plaintiff did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of natural enjoyments of life, due to his injuries which include but are not limited to: ***traumatic injuries to his head including a traumatic brain injury with loss of consciousness and a 13 cm frontal scalp laceration resulting in permanent scarring, traumatic***

5

***injuries to his neck including vertebral fractures at C6 and C7 requiring surgical intervention including an anterior cervical discectomy and arthrodesis at C5/6 and C6/7, and traumatic injuries to his chest, ribs and right shoulder,*** among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead his normal life.

15.    In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

16.    Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Octavian Neamt, respectfully requests that judgment be entered in his favor against Defendant, Kaitlin Whittaker, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to

fairly, adequately and fully compensate Plaintiff for his injuries and damages, together

with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
## NEGLIGENCE and OWNER'S LIABILITY CLAIM AS TO DEFENDANT, SAMUEL WHITTAKER

17.    Plaintiff hereby adopts and incorporates by reference each and every

allegation contained in paragraphs 1 through 16 of this Complaint as if more

specifically set forth herein word for word and paragraph by paragraph.

18.    On the aforementioned date and time, Defendant, Samuel Whittaker, was

the owner of the 2017 GMC Acadia motor vehicle involved in the subject incident, and

knowingly, willingly and negligently allowed same to be driven, operated, managed

and/or controlled by Defendant, Kaitlin Whittaker, when Defendant, Samuel

Whittaker, knew or should have known that she would not be able to control said

vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the

State of Michigan and the Common Law and the Ordinances for the Township of

Overisel, in direct disregard for the safety of Plaintiff, Octavian Neamt.

19.    Defendant, Kaitlin Whittaker, was acting with the expressed and/or

implied consent of Defendant, Samuel Whittaker.

20.    That as a direct and proximate result of Defendant, Samuel Whittaker's,

failure to observe the pertinent provisions of the Owner's Liability Statute, MCL

257.401 et seq., and his negligent entrustment of the 2017 GMC Acadia motor vehicle

7

to Defendant, Kaitlin Whittaker, Plaintiff suffered damages as stated herein, as well as exemplary damages.

21.    Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Octavian Neamt, respectfully requests that judgment be entered in his favor against Defendants, Kaitlin Whittaker and Samuel Whittaker, for whatever amount in excess of $75,000.00 he is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for his injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

22.    Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

23.    On or about September 25, 2024, Plaintiff was the operator of a vehicle

8

insured with Defendant, The Travelers Indemnity Company of Connecticut, under the provisions of an automobile insurance policy issued by Defendant that was then in effect, which policy of insurance provided underinsured motorist coverage which was in effect on September 25, 2024.

24.    That if the negligent tortfeasors, Kaitlin Whittaker and Samuel Whittaker, have underlying bodily injury coverage, it will be insufficient to compensate Plaintiff for his injuries which would then obligate this Defendant to pay underinsurance coverage to Plaintiff, Octavian Neamt, for his September 25, 2024 motor vehicle collision and injuries.

25.    A claim for underinsured motorist benefits has been made in a timely fashion to Defendant, The Travelers Indemnity Company of Connecticut.

26.    Defendant, The Travelers Indemnity Company of Connecticut, becomes liable for payment of underinsurance upon the negligent tortfeasors' proffering of their entire underlying bodily injury coverage.

27.    Defendant has wrongfully denied and/or failed to pay underinsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

28.    Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 *et seq.,* and *Nickola v MIC Gen'l Ins. Co.,* 500 Mich.

115, 894 NW2d 552, 560 (2017).

29.    Plaintiff, Octavian Neamt, has suffered injuries in excess of the underlying bodily injury limits, if any, and Defendant is a proper party to this litigation for purposes of discovery, case evaluation and trial.

WHEREFORE, Plaintiff, Octavian Neamt, seeks judgment against Defendant, The Travelers Indemnity Company of Connecticut, for whatever amount in excess of $75,000.00 that is fair, just and reasonable, together with interest, costs and attorney fees.

**COUNT IV**
**UNINSURED MOTORIST CLAIM AS TO DEFENDANT,**
**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

30.    Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

31.    On or about September 25, 2024, Plaintiff, Octavian Neamt, was vehicle insured with Defendant, The Travelers Indemnity Company of Connecticut, under the provisions of an automobile insurance policy issued by Defendant that was then in effect and which policy of insurance provided uninsured motorist coverage which was in effect on September 25, 2024.

32.    Upon information and belief, Defendants, Kaitlin Whittaker and Samuel Whittaker, were uninsured motorists, as defined by the terms of the subject insurance

policy with The Travelers Indemnity Company of Connecticut.

33.    Under the terms and conditions of the automobile uninsured insurance policy, Defendant, The Travelers Indemnity Company of Connecticut, became obligated to pay uninsured motorist coverage to or on behalf of Plaintiff, if Plaintiff sustained a serious impairment of body function in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle, and the responsible tortfeasor was uninsured.

34.    Sufficient proofs have been submitted to Defendant showing that the alleged uninsured negligent driver and owner were uninsured and owned the vehicle at the time of the motor vehicle accident.

35.    Defendant has wrongfully denied and/or failed to pay uninsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

36.    Defendant, The Travelers Indemnity Company of Connecticut, has refused to pay Plaintiff uninsured motorist benefits in the amount as provided under the terms of the insurance policy.

37.    Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 et seq., and Nickola v MIC Gen'l Ins. Co., 500 Mich. 115, 894 NW2d 552, 560 (2017).

38.    That if Defendant has an arbitration clause in their contract, then Plaintiff has demanded arbitration to which Defendant has wrongfully refused. Plaintiff asks this Court to order this matter into binding arbitration.

WHEREFORE, Plaintiff, Octavian Neamt, seeks judgment against Defendant, The Travelers Indemnity Company of Connecticut, for whatever amount in excess of $75,000.00 that is fair, just and reasonable, together with interest, costs and attorney fees.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

/s/ Matthew R. Bates

_____
Marc J. Mendelson P-52798
Matthew R. Bates P-72004
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated:   March 18, 2025